IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIDEL JACKSON,

        Plaintiff,                      No. CIV S-10-2070 GEB EFB P

        vs.

MATTHEW CATES, et al.,

        Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On March 9, 2011 and March 16, 2011, the postal service returned documents directed to plaintiff as "undeliverable, paroled." Based on plaintiff's failure to comply with his obligation to keep the court apprised of his current address, the undersigned recommended on May 24, 2011 that this action be dismissed without prejudice for failure to prosecute. Dckt. No. 31 (citing Local Rule 183(b)).

        On May 27, 2011, plaintiff submitted objections to the findings and recommendations. Dckt. No. 32. Plaintiff informed the court that he had been paroled and homeless during the period when his mail had been returned as undeliverable. *Id.* Accordingly, on June 8, 2011, the court vacated its findings and recommendations. In doing so, the court stated: "The case shall proceed according to the discovery and scheduling order issued on March 7, 2011. Due to the

delay caused by plaintiff's failure to provide a proper current address, either party may seek modification of the schedule by appropriate motion." Dckt. No. 35 at 2.

On June 9, 2011, defendants submitted a motion to conduct plaintiff's deposition via videoconference, in order to avoid travel expenditures that would be incurred if defense counsel were required to travel to plaintiff's place of incarceration. *See* Fed. R. Civ. P. 30(b)(4) (providing that, on motion, the court may order that a deposition be taken by remote means). Plaintiff has filed no opposition to the request.

On June 17, 2011, defendants submitted a motion to modify the scheduling order, because plaintiff's failure to keep the court and defendants apprised of his current address, along with his purported failure to respond to defendants' discovery requests, have made it impossible for defendants to complete discovery within the timetable provided by the scheduling order.

Good cause appearing, it is ORDERED that:

1. Defendants' request to take plaintiff's deposition by videoconference (Docket No. 36) is granted; and

2. Defendants' request to modify the scheduling order (Docket No. 37) is granted, and the scheduling order is modified as follows: Defendants shall have up to and including August 1, 2011 to depose plaintiff and any witnesses he identifies in his testimony or to file any motions to compel plaintiff to respond to defendants' discovery requests.

DATED: July 6, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE