1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MIDEL JACKSON,

11            Plaintiff,                    No. CIV S-10-2070 GEB EFB P

12      vs.

13   MATHEW CATES, et al.,
                                            ORDER
14            Defendants.
     _____/

15

16      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.

18   **I.      Procedural Background**

19      On March 9, 2011 and March 16, 2011, the postal service returned documents directed to

20   plaintiff as "undeliverable, paroled."  Because of plaintiff's failure to comply with his obligation

21   to keep the court apprised of his current address, the undersigned recommended on May 24,

22   2011 that this action be dismissed without prejudice for failure to prosecute.  Dckt. No. 31

23   (citing Local Rule 183(b)).

24      On May 27, 2011, plaintiff submitted objections to the findings and recommendations.

25   Dckt. No. 32.  Plaintiff informed the court that he had been paroled and homeless during the

26   period when his mail had been returned as undeliverable.  According to plaintiff, he asked his

1

parole officer to have his legal mail forwarded to the parole office, but this was not done.  As of June 2, 2011, plaintiff has been returned to prison and has submitted his current address at High Desert State Prison.  Dckt. No. 34.

Based on the plaintiff's representations, the court vacated the findings and recommendations recommending that the action be dismissed.  However, the court admonished plaintiff of his responsibility to ensure that the court has a current address where he can receive mail from the court and to otherwise comply with the applicable Federal Rules of Civil Procedure and Local Rules of this court.  The court further admonished plaintiff that failure to do so is grounds for dismissal without prejudice.  L.R. 110.

Plaintiff was apparently again released from prison and submitted a change of address to the court on June 24, 2011, providing an address on Mack Road in Sacramento.  Dckt. No. 40. However, attempted mail service of the court's discovery and scheduling order at the Mack Road address was unsuccessful.  Plaintiff submitted no other address.

Defendants filed the instant motion to compel on July 27, 2011.  Dckt. No. 42.  Plaintiff failed to timely file an opposition or statement of no opposition to the motion and was ordered to do so by the court on September 13, 2011.  Dckt. No. 45.  Unlike the discovery and scheduling order, which was returned to the court as undeliverable, the court's September 13, 2011 order was apparently successfully served by mail at the Mack Road address.  The court admonished plaintiff that failure to comply with the order would be deemed waiver of any opposition to the granting of the motion.  *Id.*  Plaintiff did not file a response to the motion to compel or otherwise respond to the order.

## II.    Motion to Compel

Defendants provide the following facts in support of their motion to compel:  On April 25, 2011, defendants Cano, Zapata, Lopez, Petit, DeLacruz, Romero, Anices, Desimone, Zachariah, Palagummi, and Aquilizan propounded interrogatories, requests for admission, and requests for production of documents on plaintiff at his then-current address-of-record at Deuel

1   Vocational Institution.  Dckt. No. 43, Decl. of Leslie R. Wagley In Supp. of Defs.' Mot. to

2   Compel at ¶ 3.  These discovery requests were later re-sent to plaintiff at his updated address at

3   High Desert State Prison on June 21, 2011.  *Id.* at ¶ 4.   The discovery was again re-sent to

4   plaintiff at the Mack Road address six days later.  *Id.* at ¶ 5.  Defense counsel attempted to

5   correspond with plaintiff at the Mack Road address regarding discovery but received no response

6   to her letters or the discovery requests.  *Id.* at ¶¶ 6-7.

7          On July 11, 2011, defendants noticed plaintiff's deposition and concurrently served a

8   request for production of documents.  *Id.* at ¶ 9.  Plaintiff failed to appear at the noticed location.

9   *Id.* at ¶ 9.

10         As mentioned earlier, plaintiff has submitted nothing in response to the motion to compel

11  despite being ordered by the court to do so.  Accordingly, the court has no reason to doubt

12  defendants' factual recitation summarized above.  Moreover, the court deems plaintiff's failure

13  to file an opposition to the motion as a waiver of any opposition.  Local Rule 230(*l*).  As plaintiff

14  has wholly failed to respond to discovery and has provided no explanation for that failure, the

15  court will grant the motion to compel and order plaintiff to provide responses to the

16  interrogatories, requests for admission, and requests for production of documents described in

17  the motion to compel and this order within 30 days of the date of service of this order.  Further,

18  plaintiff shall submit to deposition by defendants in accordance with Federal Rule of Civil

19  Procedure 30.  Failure to comply with this order will result in a recommendation that this action

20  be dismissed.  Fed. R. Civ. P. 41(b); Local Rule 11-110; *see Ferdik v. Bonzelet*, 963 F.2d 1258,

21  1252 (9th Cir. 1992) (district court did not abuse discretion in dismissing *pro se* plaintiff's

22  complaint for failing to obey an order to re-file an amended complaint to comply with Federal

23  Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for

24  *pro se* plaintiff's failure to comply with local rule regarding notice of change of address

25  affirmed)

26  ////

Defendants seek attorney fees for bringing the motion to compel.  Due to plaintiff's in forma pauperis status, the court declines to issue an award of monetary sanctions at this time.

**III.     Order**

Accordingly, it is hereby ORDERED that:

1.  Defendants' July 27, 2011 motion to compel is granted, and plaintiff shall provide responses to the interrogatories, requests for admission, and requests for production of documents described in the motion to compel and this order within 30 days of the date of service of this order.  Further, plaintiff shall submit to deposition by defendants in accordance with Federal Rule of Civil Procedure 30.

2.  Defendants' July 27, 2011 request for attorney fees incurred in filing the motion to compel is denied.

DATED:   November 7, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE